# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

---

CLAUDE GREINER,

      Plaintiff,

v.

CADILLAC ACCOUNTS
RECEIVABLE MANAGEMENT, INC.

      Defendants.

Case No.  2:19-12479-NGE-RSW

Hon. Nancy G. Edmunds

## **DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE**

NOW COMES Defendant Cadillac Accounts Receivable Management, Inc. ("Defendant"), and responds to this Court's Order to Show Cause as follows:

Plaintiff filed a claim against Defendant in the Small Claims Division of the 36th Judicial District Court on or about July 12, 2019. (Dkt. 1-1).  Defendant filed a Notice of Removal with this Court on or about August 22, 2019. (Dkt. 1).  On August 29, 2019, this Court entered an Order to Show Cause requiring Defendant to show why this case should not be remanded to the 36th Judicial District Court for lack of subject matter jurisdiction.  (Dkt. 6).

In the Order to Show Cause, this Court states:

> "While Defendant is correct that the TCPA is a federal statute, Plaintiff's reference to "the Michigan TCPA" may be fairly read as bringing a claim under Michigan law. Indeed, Michigan law imposes liability for some of the same conduct prohibited by the TCPA. *See*

Mich. Comp. Laws § 445.1776. Similarly, the allegation of "illegal debt collection practices" may be construed as a claim under Michigan's counterpart to the Fair Debt Collection Practices Act—the Michigan Collection Practices Act."  (Dkt. 6).

Defendant is a collection agency and Defendant attempted to contact Plaintiff regarding an unpaid debt that had been placed with Defendant by the creditor for collection.  In attempting to collect the debt, Defendant sent texts to Plaintiff's cellular phone.  The texts were manually sent by Defendant.  These texts form the basis of Plaintiff's complaint.

Plaintiff has sent correspondence to Defendant prior to filing this action regarding his alleged claims.  A copy of Plaintiff's December 13, 2018 correspondence to Defendant is attached as **Exhibit A**, and his May 18, 2019 correspondence to Defendant is attached as **Exhibit B**.  These letters confirm Plaintiff's attempt to bring claims against Defendant under the federal Telephone Consumer Protection Act, 41 U.S.C. § 227, *et seq*, and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

In his December 13, 2018 correspondence (Exhibit A), Plaintiff refers to "an unsolicited text message from your company on my personal cellular telephone" (Exhibit A).  He further states at the end of the correspondence that he has time to "go after companies that violate the TCPA and make unsolicited calls or texts to my personal cellular phone" (Exhibit A).

Similarly, in his May 18, 2019 correspondence to Defendant, Plaintiff states that he has evidence that Defendant used "an illegal Automatic telephone dialing system ("ATDS")" to place text messages placed by Defendant to Plaintiff" (Exhibit B). His May 18, 2019 correspondence claims "there was some sort of illegal ATDS used to place these text messages to my personal cell phone" (Exhibit B, p. 2). He states that according to the TCPA, "each violation (Text Message), can carry a penalty from $500-$1500" (Exhibit B, p. 3).

Plaintiff's correspondence to Defendant demonstrates his intent to bring a claim against Defendant under the TCPA. The TCPA prohibits parties from using an automatic telephone dialing system or an artificial or prerecorded voice to initiate calls to a cellular telephone. 47 U.S.C. § 227(b)(1). (Relevant portions of the TCPA are attached as **Exhibit C**.) The TCPA also prohibits any person from placing a call using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is exempt under the stated TCPA exceptions. 47 U.S.C. § 227(b)(1)(B).

Plaintiff's references to texts to his cellular phone by Defendant, using an automatic telephone dialing system, are claims typically raised under the TCPA. Likewise, his claim that he is entitled to damages for up to $1500 per violation for the text messages is consistent with the TCPA's provision which allows a Plaintiff

to recover treble damages, up to $1500, for each violation of the TCPA. 47 U.S.C. § 227(b)(3), (Exhibit C).

As the Court stated in its Order to Show Cause, Michigan law poses liability for some (but not all) of the same conduct prohibited by the TCPA. MCL 445.1772 prohibits a person from sending an advertisement to another person by means of a facsimile machine without first obtaining the consent of the person receiving the advertisement. MCL 445.1776 provides for actual damages or $500, whichever is greater, plus reasonable attorney fees, for persons who receive "junk faxes" in violation of the statute.

However, Plaintiff has not at any time alleged that Defendant sent him junk faxes, and his allegations relate to texts made to his cellular telephone by an automatic telephone dialing system, which are facts and claims governed by the TCPA, not state law.

Finally, Plaintiff's May 18, 2019 correspondence to Defendant (Exhibit B) also repeatedly references the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff states that the FDCPA calls for "a $1000 penalty per violation" (Exhibit B). Plaintiff appears to be referring to the civil liability provision of the FDCPA, 15 U.S.C. § 1692k, which allows statutory damages of up to $1000 per case (not per violation).

In summary, Plaintiff in the herein action attempts to state claims against Defendant under the TCPA and FDCPA. Accordingly, Plaintiff's claims arise under the laws of the United States, 28 U.S.C. § 1331, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, and 1441. Defendant requests that this Court retain jurisdiction of the case and not remand the case to the 36th Judicial District Court.

Dated: September 19, 2019            VARNUM LLP
                                     Attorneys for Defendant Cadillac Accounts Receivable Management, Inc.

                                     By:  /s/ *Randall J. Groendyk*
                                          Randall J. Groendyk (P37196)
                                     Business Address and Telephone:
                                          Bridgewater Place, P.O. Box 352
                                          Grand Rapids, MI  49501-0352
                                          (616) 336-6000
                                          rjgroendyk@varnumlaw.com

15390746_1.docx

## **CERTIFICATE OF SERVICE**

The undersigned states that he served a copy of the above ***Defendant's Response to Order to Show Cause*** upon the following:

> Claude Greiner
> 13832 VanDyke
> Detroit, MI 48234
> **Via Regular U.S. First Class Mail**

Dated:  September 19, 2019  /s/ *Randall J. Groendyk*
Randall J. Groendyk